IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v.  :  Criminal Case No. DKC 02-0077

DAVID NATHANIEL JONES  :

**MEMORANDUM OPINION AND ORDER**

By a judgment entered January 6, 2003, Defendant David Nathaniel Jones was convicted, after a jury trial, of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); and four counts of distribution of five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). He was sentenced to a term of imprisonment of 210 months, to be followed by a five-year term of supervised release. His convictions were affirmed on appeal, *see Jones v. United States*, 88 Fed.Appx. 621 (4th Cir. 2004), and the Supreme Court denied his petition for writ of *certiorari*, *see Jones v. United States*, 541 U.S. 1091 (2004). Defendant's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, was subsequently denied. *See Jones v. United States*, Civ. No. DKC

04-3136, Crim. No. DKC 02-0077, 2008 WL 886119 (D.Md. Mar. 28, 2008).

On October 22, 2008, the court, *sua sponte*, appointed the Office of the Federal Public Defender to represent Defendant for purposes of determining whether he was eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 706 and 715 to the United States Sentencing Guidelines related to cocaine base, commonly known as "crack" cocaine. Based on counsel's recommendation, on September 8, 2009, the court reduced Defendant's sentence from 210 months to "168 months, concurrent on all six counts, dating from detention on October 2, 2002." (ECF No. 217).

On July 19, 2012, Defendant, proceeding *pro se*, filed the pending motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines. (ECF No. 228). This was followed, on May 23, 2013, by a duplicative second motion for sentence reduction. (ECF No. 231).

Defendant contends that his sentence should be further reduced based on Amendment 750 to the United States Sentencing Guidelines, which was adopted in relation to the Fair Sentencing Act of 2010 ("FSA"). As Judge Hollander recently explained:

> The purpose of the FSA and the related amendments to the guidelines [*i.e.*, Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1, 2011)] was to partially alleviate the so-

2

> called "*crack v. powder disparity*," by which defendants who were convicted of a drug offense involving a given amount of cocaine base (a.k.a. "crack") were exposed to substantially higher guidelines sentences and statutory minimum sentences than defendants convicted of offenses involving the same amount of powder cocaine. *See United States v. Bullard*, 645 F.3d 237, 245 & n. 4[] (4th Cir.), *cert. denied*, 132 S.Ct. 356 (2011). The FSA lowered the disparity but did not eliminate it. *Id*. The disparity now corresponds to a weight ratio of approximately 18:1 (*i.e.*, it takes approximately 18 times as much powder cocaine as crack to trigger a given statutory minimum sentence or guidelines base offense level); under prior law, the ratio was 100:1. With respect to the Sentencing Guidelines, the reduction of the crack/powder disparity was accomplished by amending the "Drug Quantity Table" in U.S.S.G. § 2D1.1(c), which establishes the base offense levels for conviction of an offense involving given quantities of any particular controlled substance. In Amendment 759, the United States Sentencing Commission made the amendments to the Drug Quantity Table eligible for retroactive application via resentencing, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

*United States v. Schuyler*, Crim. No. ELH-98-259-13, 2013 WL 1707895, at *2 (D.Md. Apr. 19, 2013) (footnote omitted; emphasis in original).

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. "Section 3582(c)(2) is a limited exception to the ordinary rule that a sentence of imprisonment is a final judgment that cannot be modified after it has been

3

imposed." *Schulyer*, 2013 WL 1707895, at *3. The statute provides, in relevant part,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "The policy statement pertinent to a motion under section 3582(c) is section 1B1.10 of the Sentencing Guidelines Manual." *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010). The amendments to the Drug Quantity Table established by Amendment 750 are among the "covered" amendments set forth in U.S.S.G. § 1B1.10(c). Pursuant to § 1B.10(a)(2)(B), however, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Defendant is not eligible for a further sentence reduction because Amendment 750 did not lower the applicable guideline range. Based on a finding at sentencing that the marijuana equivalent of the controlled substances attributable to Defendant was 5,433.52 kilograms, the Drug Quantity Table in

effect at that time established a combined base offense level of 34. Applying a two-level upward adjustment for obstruction of justice – resulting in an adjusted offense level of 36 – and a criminal history category of II, the court determined a sentencing range of 210 to 262 months and imposed a sentence at the bottom of that range. In 2009, Defendant was afforded a two-point reduction in the combined base offense level, as mandated by Amendment 715 to the sentencing guidelines. His amended offense level of 34, with a criminal history category of II, resulted in a sentencing range of 168 to 210 months, and he was re-sentenced at the bottom of that range. Amendment 750, effective November 1, 2011, changed, *inter alia*, "the marijuana equivalency for 1 gram of cocaine base from 20 kilograms of marijuana to 3,571 grams of marijuana." *United States v. Miller*, 503 Fed.Appx. 734, 736 (11th Cir. 2013). Applying Amendment 750's new marijuana equivalency, the combined drug amount attributable to Defendant converts to 1,073.26 kilograms of marijuana. Pursuant to U.S.S.G. § 2D1.1(c)(4), at least 1,000 but less than 3,000 kilograms of marijuana results in a base offense level of 32. Adding, once again, two levels for obstruction of justice results in a total offense level of 34, which is the same offense level the court considered when it reduced Defendant's sentence in 2009. Because the applicable guidelines range is the same, Defendant is not eligible for a

reduction sentence under Amendment 750.  *See* U.S.S.G. § 1B.10(a)(2)(B).

Accordingly, it is this 10th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motions for reduction of sentence (ECF Nos. 228, 231) BE, and the same hereby ARE, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Defendant.

```
         _____/s/_____
         DEBORAH K. CHASANOW
         United States District Judge
```