IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :

       v.                            :   Criminal No. DKC 02-0077-004

DAVID NATHANIEL JONES           :

**MEMORANDUM OPINION AND ORDER**

By a judgment entered January 6, 2003, Defendant was convicted, after a jury trial, of possession with intent to distribute fifty grams or more of cocaine base, possession with intent to distribute 500 or more grams of cocaine, and four counts of distribution of five or more grams of cocaine base. He was sentenced to a term of imprisonment of 210 months, to be followed by a five-year term of supervised release. His convictions were affirmed on appeal, *see Jones v. United States*, 88 Fed.Appx. 621 (4th Cir. 2004), and the Supreme Court denied his petition for writ of *certiorari*, *see Jones v. United States*, 541 U.S. 1091 (2004). Defendant's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, was subsequently denied. *See Jones v. United States*, Civ. No. DKC 04-3136, Crim. No. DKC 02-0077, 2008 WL 886119 (D.Md. Mar. 28, 2008).

On September 8, 2009, the court reduced Defendant's sentence from 210 months to "168 months, concurrent on all six counts, dating from detention on October 2, 2002" pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendments 706 and 715 to the United States Sentencing Guidelines related to cocaine base, commonly known as "crack" cocaine.  (ECF No. 217).

On July 19, 2012, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines contending that his sentence should be further reduced based on Amendment 750 to the United States Sentencing Guidelines, which was adopted in relation to the Fair Sentencing Act of 2010 ("FSA").  (ECF No. 228).  The court found he was not eligible for a further sentence reduction because Amendment 750 did not lower his applicable guideline range.

In response to the court's Order, Defendant filed the following five motions between July 22, 2013 and July 30, 2013: motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and retroactive application of the Fair Sentencing Act (ECF No. 236), motion for correction of sentence and resentencing pursuant to retroactive legal authority and 18 U.S.C. § 3582(c) (ECF No. 237), motion for expedited hearing (ECF No. 238), motion for reconsideration for sentence reduction pursuant to the Fair Sentencing Act (ECF No. 239), and motion for

reconsideration for a sentence modification pursuant to new U.S. Supreme Court ruling (ECF No. 240).

Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and retroactive application of the Fair Sentencing Act (ECF No. 236) requests the court reconsider facts used at sentencing to enhance his sentence.  Likewise, his motion for correction of sentence and resentencing pursuant to retroactive legal authority and filed pursuant to 18 U.S.C. § 3582(c) (ECF No. 237) and motion for reconsideration for a sentence modification pursuant to new U.S. Supreme Court ruling (ECF No. 240) object to a two level enhancement for obstruction of justice applied at sentencing.

A collateral challenge to a federal criminal conviction is reviewed under 28 U.S.C. § 2255.  Mr. Jones may not circumvent the limitations on successive collateral review by attaching a different label to his pleading.  *See Winestock*, 340 F. 3d at 203 (citing *Calderon v. Thompson*, 523 U.S.538, 553 (1998)).  The instant motion represents a successive § 2255 challenge to petitioner's convictions.  Where a petitioner who has previously filed a § 2255 motion attempts to raise a new claim for relief, it must be treated as a successive motion and dismissed.  *See Lopez v. Douglas*, 141 F. 3d 974, 975 (10th Cir. 1998).  Regardless of the label used it is the subject matter of the motion and not its title which determines its status.  *See Calderon*, 523 U.S. at 553-54; *Winestock*, 340 F. 3d at 203.  As a

successive § 2255 motion, the merits of the instant motions may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).

Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Jones has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this court may not consider the merits of the claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals

4

and obtain authorization to file a successive petition before this Court may examine the claims.

Defendant's motion for reconsideration for sentence reduction pursuant to the Fair Sentencing Act (ECF No. 239) asserts that he never raised the applicability of the Fair Sentencing Act to his case in any previous motion.  He argues that the court must have misinterpreted his prior motion and requests that his sentence be reduced pursuant to the FSA.  The court previously found he was not eligible for a further sentence reduction because Amendment 750, also known as the Fair Sentencing Act, did not lower his applicable guideline range and has no reason to reconsider this finding.

Accordingly, it is this 19th day of December, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and retroactive application of the Fair Sentencing Act (ECF No. 236), pro-se motion for correction of sentence and resentencing pursuant to retroactive legal authority and 18 U.S.C. § 3582(c) (ECF No. 237), and motion for reconsideration for a sentence modification pursuant to new U.S. Supreme Court ruling (ECF No. 240) construed as Motions to Vacate pursuant to 28 U.S.C. § 2255 BE, and the same hereby ARE, DISMISSED;

2. The Clerk SHALL PROVIDE a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Petitioner;

3. Defendant's motion for expedited hearing (ECF No. 238), BE, and the same hereby IS, DENIED as moot;

4. Defendant's motion for reconsideration for sentence reduction pursuant to the Fair Sentencing Act (ECF No. 239), BE, and the same hereby IS, DENIED; and

5. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Defendant.

                 /s/
                DEBORAH K. CHASANOW
                United States District Judge